AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
District of Oregon

| | |
|---|---|
| United States of America<br>v.<br>OLIVER EDWARDS<br><br>_____<br>Defendant | )<br>)  Case No.  3:22-cr-187-MO-04<br>)<br>) 22-6344-MJ-STRAUSS<br>)<br>)<br>) |

**FILED BY____AT____D.C.**

**Jul 18, 2022**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

## ARREST WARRANT

To:   Any authorized law enforcement officer

   **YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   OLIVER EDWARDS                                                                    ,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☐ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

Conspiracy to Commit Bank Fraud


Date: __05/20/2022__                                                                                     s/E.Potter
                                                                                              *Issuing officer's signature*

City and State: __Portland, Oregon__                                          E.Potter, Deputy Clerk
                                                                                              *Printed name and title*

---

**Return**

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____.

Date: _____
                                                                                              *Arresting officer's signature*

                                                                                              *Printed name and title*

**UNDER SEAL**

FILED 19 MAY '22 16:34 USDC-ORP

FILED BY ___AT___ D.C.

Jul 18, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| UNITED STATES OF AMERICA | 3:22-cr-187-MO |
|---|---|
| v. | INDICTMENT |
| ▮▮▮▮▮ <br> ▮▮▮▮▮ <br> **OLIVER EDWARDS**, ▮ <br> ▮▮▮▮▮ | 18 U.S.C. § 1349 <br> 18 U.S.C. § 1344 <br> 18 U.S.C. § 1028A <br><br> **UNDER SEAL** |
| Defendants. | OUR CASE NO:22-6344-STRAUSS |

**THE GRAND JURY CHARGES:**

**COUNT 1**
(Conspiracy to Commit Bank Fraud)
(18 U.S.C. § 1349)

1. At all times relevant to this indictment, Solarity Credit Union, Idaho Central Credit Union, O Bee Credit Union, TwinStar Credit Union, and Columbia Bank are "financial institutions" as defined in 18 U.S.C. § 20.

2. Beginning on or about December 13, 2021, and continuing at least until on or about January, 2 2022, within the District of Oregon and elsewhere, defendants ▮▮▮▮▮ ▮▮▮▮▮ ▮▮▮▮▮ OLIVER EDWARDS aka "Big O," ▮▮▮▮▮ along with others, known and unknown to the grand jury, did knowingly combine, conspire,

Indictment                                                                                                    Page 1

confederate, and agree with each other to commit Bank Fraud, to wit, they agreed to knowingly execute and attempt to execute a material scheme and artifice to defraud financial institutions as to obtain money, funds, or other property owned or under the control of the named financial institutions by means of materially false or fraudulent pretenses, representations, or promises in violation of 18 U.S.C. § 1344(1) and (2).

## MANNER AND MEANS AND SCHEME TO DEFRAUD

3. Defendants and their co-conspirators used the following manner and means to carry out the conspiracy and scheme to defraud:

4. It was part of the conspiracy and scheme to defraud that defendants and their co-conspirators arranged interstate travel for themselves and others to engage in acts in furtherance of the conspiracy and scheme to defraud.

5. It was part of the conspiracy and scheme to defraud that defendants and their co-conspirators broke into vehicles parked in various establishments including gyms, dog parks, and health clinics, for the purpose of stealing personal identifying information (such as driver's licenses), financial information (such as bank account information or checkbooks), and other valuables.

6. It was part of the conspiracy and scheme to defraud that defendants and their co-conspirators recruited individuals to impersonate victims of the stolen identification information.

7. It was part of the conspiracy and scheme that defendants and their co-conspirators would rent cars to carry out the conspiracy and scheme.

8. It was part of the conspiracy and scheme to defraud that defendants and their co-conspirators traveled to banks and credit unions using the rental cars where they attempted to,

and did, impersonate victims (using personal identification) who had accounts at the banks and credit unions and attempted to, and did, cash stolen checks belonging to victims.

9. It was part of the conspiracy and scheme that leaders in the conspiracy would use a co-conspirator to be an impersonator who would disguise herself as a victim to use that victim's identification when withdrawing funds. The impersonator would wear makeup or clothing like the relevant victim to better impersonate that victim. The leading co-conspirators exercised significant control over the impersonator, even restricting who the impersonator could or could not communicate with during the course of the conspiracy and scheme.

10. It was part of the conspiracy and scheme that defendants and their co-conspirators were in constant communication with each other to advance the conspiracy and scheme, either by phone call or through text messaging.

11. It was part of the conspiracy and scheme that defendants and their co-conspirators would conduct countersurveillance on law enforcement, including by monitoring police scanners, and would also actively seek to conceal the conspiracy and scheme from law enforcement, such as by replacing license plates on rental vehicles with stolen license plates, or by traveling in car convoys to block the license plates of the car that would be used to drive through a bank or credit union drive-through lane.

12. The following adult victims were victimized by the conspiracy and scheme to defraud:

    a. Victim 1: On December 16, 2021, Victim 1's purse - containing her driver's license, debit cards, and credit cards – was stolen out of her vehicle while parked at a gym in Coeur d'Alene, Idaho.

  b. Victim 2: On December 18, 2021, Victim 2's purse - containing her driver's license, debit cards, and credit cards - was stolen out of her vehicle while parked at a dog park in Yakima, Washington.

  c. Victim 3: On December 20, 2021, Victim 3's purse - containing her driver's license, checkbook, credit card, and debit cards - was stolen out of her vehicle while parked at a vision clinic in Lacey, Washington.

  d. Victim 4: On December 20, 2021, Victim 4's purse - containing her driver's license, credit cards, checkbook, and approximately $400 in cash - was stolen out of her vehicle while parked at a veterinary hospital in Olympia, Washington.

  e. Victim 5: On December 22, 2021, Victim 5's rear license plate was stolen from his vehicle while parked in Kennewick, Washington.

  f. Victim 6: On December 29, 2021, Victim 6's purse - containing her driver's license, social security card, debit cards, credit cards, and approximately $200 in cash - was stolen at an elementary school in Lincoln City, Oregon.

  g. Victim 7: On December 29, 2021, Victim 7's wallet - containing her driver's license, social security card, credit card, and checkbook - was stolen at a yoga center in Newport, Oregon.

13. The following financial institutions were targeted by the conspiracy and scheme to defraud, resulting a total loss of $119,286 (actual loss of $110,720 and attempted loss of $8,566):

  a. Columbia Bank (Oregon): $6,975 Actual Loss and $8,566 Attempted Loss

  b. Solarity Credit Union (Washington): $17,615 Actual Loss

  c. Idaho Central Credit Union (Idaho): $62,770 Actual Loss

**Indictment**  **Page 4**

    d.    O Bee Credit Union (Washington): $3,865 Actual Loss

    e.    TwinStar Credit Union (Washington): $19,488 Actual Loss

All in violation of 18 U.S.C. § 1349.

## COUNTS 2-5
### (Bank Fraud)
### (18 U.S.C. § 1344)

14.    All prior paragraphs of this Indictment are incorporated herein.

15.    On or about the dates set forth below in each Count, in the District of Oregon and elsewhere, defendant ▮▮▮▮▮▮▮▮▮▮ knowingly and with the intent to deceive and obtain property and money, attempted to execute, did execute, and aided and abetted the execution of a material scheme and artifice to defraud financial institutions as to obtain money, funds, or property owned or under the control of the named financial institutions by means of materially false or fraudulent pretenses, representations, or promises, to wit, defendant impersonated customers of financial institutions in order to convert stolen checks from victims' accounts at other institutions to cash, as more specifically set forth below in each count:

| Count | Date | Amount | Financial Institution | Description of Execution |
|---|---|---|---|---|
| 2 | 12/31/21 | 3,875.00 | Columbia Bank account of Victim 7 | Cashing check from Victim 7 using Victim 6's Identification |
| 3 | 12/31/21 | $3,100.00 | Columbia Bank account of Victim 4 | Cashing check from Victim 4 using Victim 6's Identification |
| 4 | 12/31/21 | $4,283.00 | Columbia Bank account of Victim 4 | Cashing Check from Victim 4 using Victim 6's Identification |
| 5 | 12/31/21 | $4,283.00 | Columbia Bank account of Victim 4 | Cashing Check from Victim 4 using Victim 6's Identification |

All in violation of 18 U.S.C. § 1344.

## COUNTS 6–8
### (Aggravated Identity Theft)
### (18 U.S.C. § 1028A)

16. All prior paragraphs of the Indictment are incorporated herein.

17. On or about the dates set forth below, in the District of Oregon and elsewhere, defendant ▮▮▮▮▮▮▮▮▮▮ did knowingly transfer, possess, and use, and aided and abetted the same, without lawful authority, a means of identification of another, knowing that the means of identification belonged to a real person, during and in relation to felony violations of Bank Fraud (in violation of 18 U.S.C. § 1344(1) and (2)) and Conspiracy to Commit Bank Fraud (in violation of 18 U.S.C. § 1349).

| Count | Date Transfer/Possessed/Used | Identification | Offense |
|---|---|---|---|
| 6 | 12/31/21 | Victim 6 | Conspiracy to Commit Bank Fraud (Count 1) Bank Fraud (Counts 2–5) |
| 7 | 12/31/21 | Victim 7 | Conspiracy to Commit Bank Fraud (Count 1) Bank Fraud (Count 2) |
| 8 | 12/31/21 | Victim 4 | Conspiracy to Commit Bank Fraud (Count 1) Bank Fraud (Count 3–5) |

All in violation of 18 U.S.C. § 1028A.

### FORFEITURE ALLEGATION

18. Upon conviction of the offenses alleged in Counts 1-5 of this Indictment, defendant shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(2) any property constituting, or derived from, proceeds defendant obtained directly or indirectly as the result of the violation(s), including but not limited to a money judgment for a sum of money equal to the amount of property involved in or derived from the offense(s).

19. If the above-described forfeitable property, as a result of any act or omission of defendant:

**Indictment** Page 6

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b).

Dated: May 19, 2022

A TRUE BILL.

_____
OFFICIATING FOREPERSON

Presented by:

SCOTT ERIK ASPHAUG
United States Attorney

SIDDHARTH DADHICH, TSB # 24096310
Assistant United States Attorney